## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 14 2016, 9:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brent B. Gibson
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David Oxley,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 14, 2016

Court of Appeals Case No.
38A02-1507-CR-1028

Appeal from the Jay Circuit Court

The Honorable Brian D. Hutchison, Judge

Trial Court Cause No.
38C01-1205-FC-14

**Mathias, Judge.**

[1] David Oxley ("Oxley") was convicted in Jay Circuit Court of Class C felony reckless homicide. He appeals his conviction and raises four issues, which we consolidate and restate as:

I. Whether Oxley was prejudiced when the trial court excluded the testimony of his expert witness;

II. Whether Oxley was prejudiced and is entitled to a new trial due to certain statements made during the State's closing argument; and,

III. Whether the evidence is sufficient to sustain Oxley's Class C felony reckless homicide conviction.

We affirm.

## Facts and Procedural History

On January 7, 2012, Oxley spent the evening with friends and, over the course of the evening, consumed several beers. At approximately 10:00 p.m., Oxley and Mathew Marshall ("Marshall") left a friend's residence in separate vehicles. Marshall was ahead of Oxley until they turned north onto County Road 250 West, which is a paved, two-lane county road that does not have speed limit or do-not-pass signs.

As they proceeded north on County Road 250 West, Oxley passed Marshall and safely returned to the northbound lane. A few minutes later, Oxley moved into the southbound lane to pass a truck in the northbound lane driven by Josh Hess ("Hess"). Hess had three passengers in his truck: Tyler Bruggerman, Nicole Bertke, and Lauren Bruns. Tyler was in the front passenger seat and observed that as Oxley tried to pass Hess's truck, Hess sped up to prevent Oxley from passing.

[5] Oxley and Hess traveled side-by-side on County Road 250 West for almost a mile, during which the trucks passed over two culverts and through an intersection. The two trucks jockeyed back and forth, slowing and increasing their speeds. As they approached the crest of a hill, Oxley remained in the southbound traffic lane.

[6] At the crest of the hill, Oxley hit a sedan head-on killing the driver Michael Limbert ("Limbert"). Marshall had been following Oxley and Hess but could not keep up with their rate of speed. When he arrived at the scene just seconds after the collision, Marshall checked on Limbert first. Limbert was already clearly dead. Oxley's truck was engulfed in flames, and Marshall pulled Oxley from the truck. Oxley sustained serious injuries as a result of the accident.

[7] After the collision, Hess's truck rolled several times until it came to rest in an adjacent field. Bertke, who was in the rear passenger seat of Hess's truck, was also seriously injured.

[8] On May 24, 2012, Oxley was charged with Class C felony reckless homicide and two counts of Class D felony criminal recklessness resulting in serious bodily injury. A jury trial was held in August 2013, and Oxley was acquitted of the Class D felony charges. However, the jury was deadlocked on the reckless homicide charge. Shortly thereafter, Oxley moved to dismiss the reckless homicide charge. His motion was denied, and that denial was affirmed on interlocutory appeal.

[9] A second jury trial on the reckless homicide charge commenced on June 10, 2015. During trial, Oxley wanted to present testimony from Phil Dickenson ("Dickenson"), who is a crash reconstruction expert. Although the State agreed that Dickenson is an expert in his field, the State argued that he should not be allowed to testify concerning information or facts that he obtained from Officer Merkling's initial crash investigation report because the officer was not called as a State's witness and was not under subpoena by Oxley. The trial court agreed with the State and concluded that Dickenson could not give his opinion about how the crash occurred by relying on facts obtained from examining Officer Merkling's report or the initial crash investigation report, which were not admitted into evidence.

[10] At the close of evidence, Oxley argued that Hess's actions were the intervening cause of the accident. The jury disagreed and found Oxley guilty of Class C felony reckless homicide. Oxley was ordered to serve a four-year sentence, with two years executed at the Department of Correction and two years suspended to formal probation. Oxley now appeals.

## Excluded Testimony

[11] Questions regarding the admission or exclusion of evidence are within the discretion of the trial judge and are reviewed on appeal only for an abuse of that discretion. *Wells v. State*, 904 N.E.2d 265, 269 (Ind. Ct. App. 2009), *trans. denied*. The trial court abuses its discretion only if its decision is clearly against the logic and effect of the facts and circumstances before it, or if the court has misinterpreted the law. *Id*.

[12] Furthermore, whether rooted in the Due Process Clause of the Fourteenth Amendment or the Compulsory Process or Confrontation clauses of the Sixth Amendment, the United States Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense. *Hyser v. State*, 996 N.E.2d 443, 447 (Ind. Ct. App. 2013), *trans. denied*. The Indiana Supreme Court has stated:

> The right to offer the testimony of witnesses . . . is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law.

*Kubsch v. State*, 784 N.E.2d 905, 924 (Ind. 2003).

[13] "When competent, reliable evidence is excluded that is central to the defendant's case, this right is abridged." *Hyser*, 996 N.E.2d at 448. However, a criminal defendant does not enjoy an unlimited constitutional right to offer exculpatory evidence, as the right is subject to reasonable restrictions. *Hubbard v. State*, 742 N.E.2d 919, 922-23 (Ind. 2001). Evidence to support the defense theory must comply with applicable evidentiary rules. *Kubsch*, 784 N.E.2d 926.

[14] At trial, the State conceded that Dickenson was an expert in accident reconstruction but argued that his testimony should be excluded because, in forming his opinion, he relied on reports that were not admitted at trial,

including police reports, photos and diagrams.[1] The trial court agreed and excluded Dickenson's testimony.

[15] However, "[e]xperts may testify to opinions based on inadmissible evidence, provided that it is of the type reasonably relied upon by experts in the field." Ind. Evid. R. 703. Therefore, "under some circumstances, Rule 703 allows an expert witness to testify to opinions based on facts not before the jury." *Schmidt v. State*, 816 N.E.2d 925, 938 (Ind. Ct. App. 2004), *trans. denied*.

[16] The State apparently concedes that the trial court erred when it excluded Dickenson's testimony because it argues only that "the trial court's ruling excluding Dickenson's testimony was harmless error." Appellee's Br. at 15. It is well established that "not every trial error requires reversal. Errors in the admission or exclusion of evidence are to be disregarded as harmless error unless they affect the substantial rights of the party." *Lewis v. State*, 34 N.E.3d 240, 248 (Ind. 2015). To determine whether an error in the introduction of evidence affected the appellant's substantial rights, we must assess the probable impact of that evidence upon the jury. *Id.*

[17] If his testimony had not been excluded, Dickenson would have testified that Oxley's and Hess's vehicles were traveling side-by-side at approximately 60 to 65 miles per hour when Oxley's vehicle collided with Limbert's vehicle. Tr. pp.

---

[1] Dickenson also personally viewed the location where the accident occurred and viewed photos of the damage to the vehicles, some of which were admitted into evidence. Tr. p. 108.

126-27. Oxley was unable to avoid the collision due to the position of all three vehicles on the roadway, but Hess could have driven his vehicle off to the right of the roadway. Tr. pp. 127-28. Oxley also wanted to elicit testimony that "black boxes" from the vehicles were not seized and analyzed.

[18] Dickenson's proffered testimony is cumulative of other evidence offered at trial. The evidence presented from multiple witnesses established that the vehicles were traveling side-by-side when Oxley's vehicle collided with Limbert's vehicle, and that Oxley and Hess were traveling between 50 to 70 miles per hour as they proceeded northbound on County Road 250 West. For all of these reasons, we conclude that any error the trial court committed when it excluded Dickenson's testimony was harmless.[2] *See Pierce v. State*, 29 N.E.3d 1258, 1268 (Ind. 2015) (stating if the wrongfully excluded testimony is merely cumulative of other evidence presented at trial, its exclusion is harmless error).

## Prosecutorial Misconduct

[19] On appeal, when we review a claim of prosecutorial misconduct during closing argument:

---

[2] Oxley also argues that "if the trial court did not abuse its discretion in excluding Defendant's expert witness, then Oxley was denied effective assistance of counsel when trial counsel failed to subpoena witnesses and introduce necessary testimony to admit his expert's testimony." Appellant's Br. at 15. In support of this claim, Oxley merely argues that Dickenson's testimony would have "changed the jury's verdict regarding whether Oxley was reckless." *Id*. at 16. However, Dickenson's testimony was cumulative of other evidence admitted at trial, and therefore, Oxley cannot establish that he was prejudiced because Dickenson's testimony was not presented to the jury. Moreover, the fact that Hess may have been able to move his vehicle to the right of the roadway when the collision occurred is not relevant to whether Oxley recklessly operated his vehicle in a manner that resulted in Limbert's death.

we determine (1) whether misconduct occurred, and if so, (2) "whether the misconduct, under all of the circumstances, placed the defendant in a position of grave peril to which he or she would not have been subjected" otherwise.

*Ryan v. State*, 9 N.E.3d 663, 667 (Ind. 2014) (citation omitted). The gravity of peril is determined by the probable persuasive effect of the misconduct on the jury's decision, not on the amount of impropriety of the conduct. *Carter v. State*, 956 N.E.2d 167, 169 (Ind. Ct. App. 2011), *trans. denied*.

[20] Oxley argues that the State urged the jury to "convict Oxley because Hess was also going to have to pay," which statement was "designed to inflame the passions or prejudice of the jury." Appellant's Br. at 16. Specifically, during closing argument, the prosecutor stated, "Mr. Hess made a terrible decision and he'll have to answer for that. Mr. Oxley is here today before you to answer for his part in it." Tr. p. 143. In response to Oxley's closing argument, the prosecutor also stated:

> *Jorden Hess screw[ed] up terribly, sure. But you're hear today to judge David Oxley's responsibility. This Defendant. That's your job today. Is Jordan Hess a factor in this[?]* Yeah. Is alcohol a factor[?] Yeah. Is speed a factor[?] Yeah. Is the roadway a factor[?] Yes. All of those are factors to consider.

Tr. p. 158 (emphasis added).

[21] Oxley's trial counsel failed to object to these challenged statements. Therefore, Oxley must establish both prosecutorial misconduct and additional grounds for fundamental error. *Carter*, 956 N.E.2d at 170. For prosecutorial misconduct to

be fundamental error, it must make a fair trial impossible or amount to obvious blatant violations of basic and elementary principles of due process and present an undeniable and substantial potential for harm. *Id.* Misconduct occurs when a prosecutor requests the jury to convict a defendant for any reason other than his or her guilt. *Id.*

[22] At trial, Oxley argued that he was not guilty of reckless homicide because Hess's refusal to allow him to pass or return to the northbound lane was the cause of the collision between Oxley's and Limbert's vehicles. Therefore, the prosecutor's comments on Hess's conduct were reasonably made in response to Oxley's defense. Moreover, the State specifically argued that the jury consider Oxley's responsibility for the accident when determining his guilt. Under these facts and circumstances, the State did not commit any misconduct, and the State's closing argument did not place Oxley in a position of grave peril.

## Sufficient Evidence

[23] When the sufficiency of evidence is challenged, we neither reweigh the evidence nor judge the credibility of witnesses. *Chappell v. State*, 966 N.E.2d 124, 129 (Ind. Ct. App. 2012) (citing *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005)), *trans. denied*. Rather, we recognize the exclusive province of the trier of fact to weigh any conflicting evidence and we consider only the probative evidence supporting the conviction and the reasonable inferences to be drawn therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt, then the

verdict will not be disturbed. *Baumgartner v. State*, 891 N.E.2d 1131, 1137 (Ind. Ct. App. 2008).

[24] To prove that Oxley committed Class C felony reckless homicide,[3] the State was required to establish that Oxley recklessly killed Michael Limbert by "operating a motor vehicle in such a reckless manner and high speed resulting in an accident wherein [Limbert] died from injuries from said accident." *See* Appellant's App. p. 17; Ind. Code § 35-42-1-5 ("A person who recklessly kills another human being commits reckless homicide"). "A person engages in conduct 'recklessly' if he engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct." Ind. Code § 35-41-2-2.

[25] Oxley argues that the evidence is insufficient to support his conviction because Hess's refusal to allow him over into the northbound lane was an intervening cause of Limbert's death.

> An intervening cause is an independent force that breaks the causal connection between the actions of the defendant and the injury. In order for an intervening cause to break the chain of criminal responsibility, it must be so extraordinary that it would be unfair to hold the appellant responsible for the actual result. In all other cases, "[a]n individual who inflicts injury upon another is deemed by law to be guilty of homicide if the injury

---

[3] The offense is now classified as a Level 5 felony. Ind. Code § 25-42-1-5 (eff. July 1, 2014).

contributed mediately or immediately to the death of that person."

*Wooley v. State*, 716 N.E.2d 919, 928 (Ind. 1999) (internal citations omitted).

Oxley contends that Hess's driving was an intervening cause of Limbert's death because Hess increased and decreased his speed to prevent Oxley from returning his vehicle to the northbound lane of traffic. However, Oxley ignores the fact that the two vehicles traveled side by side at a high rate of speed on a dark country road for nearly one mile before Oxley's vehicle struck Limbert's in the head-on crash. It was reasonable for the jury to infer that Hess sped up to prevent Oxley from passing him. However, it was also reasonable for the jury to conclude that Oxley could have significantly decreased his speed to return to the northbound lane, and his failure to do so was reckless. For these reasons, we conclude that the evidence is sufficient to support Oxley's conviction for Class C felony reckless homicide.

## Conclusion

The trial court's error in excluding Dickenson's testimony did not prejudice Oxley and was therefore harmless. Also, the prosecutor's statements during closing argument did not amount to fundamental error. Finally, the evidence is sufficient to support Oxley's Class C felony reckless homicide conviction. For all of these reasons, we affirm.

Affirmed.

Kirsch, J., and Brown, J., concur.